UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TONY PERALES,

        Plaintiff,

        v.                                                                                    Case No. 24-cv-0644-bhl

WALWORTH COUNTY SHERIFF'S DEPARTMENT,
SHERIFF PINKELL,
SUPERINTENDENT DELANEY,
SGT. CRAIG,
CO MOORE,
CO WELSH,
CO NINKOVIC,
DR. ALLCESON,
NURSE JODY,
NURSE HEATHER,
NURSE SHAWNA,
NURSE PATTY,
NURSE JEN,
SGT. DE LA PAS,
SGT BURKE,
SGT HARELE,
SGT STANISKI,
SGT SMITH,
SGT MANN, and
CO BEIL,

        Defendants.

---

## SCREENING ORDER

---

      Plaintiff Tony Perales, who is currently serving a state prison sentence at Stanley Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Walworth County Jail. This matter comes before the Court on Perales' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

## MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Perales has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). However, on July 2, 2024, he paid the full $405 civil case filing fee. Accordingly, his motion for leave to proceed *in forma pauperis* will be denied as moot.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Perales, on the morning of August 1, 2021, he was involved in a car accident following a high-speed chase. He states that he sustained injuries to his lower back, which left him paralyzed for a short time. He also injured his knee, groin, and sciatic nerve, which caused pain on the right side of his body. Per the documents Perales filed in support of his complaint and incorporated by reference, he was transported to Froedtert Hospital via helicopter for a possible back injury and because law enforcement could not obtain a legal blood draw at the medical center where he was initially transported. Medical records indicate that an MRI revealed no cord compression and no other injuries and that Perales was able to ambulate, *i.e.*, walk, in the emergency room without complication. Perales was discharged into police custody that same day in stable condition. Dkt. No. 1 at 3; Dkt. No. 1-1 at 1, 6.

Perales asserts that all medical staff at the Walworth County Jail were deliberately indifferent to his medical needs because they denied his repeated requests for a wheelchair, a second mattress, physical therapy, access to his medical records, and pain medication. Perales also clarifies that he was permitted to use a wheelchair for long distances and meals but was otherwise required to use a walker, which the jail provided. Dkt. No. 1 at 4.

Perales details four specific instances when correctional staff refused to allow him to use a wheelchair and instead required him to use his walker. First, on October 7, 2021, Officer Welsh

allegedly forced Perales to carry his dinner tray while using his walker.  Perales asserts that he ended up falling and hurting himself.  Second, on October 22, 2021, at the direction of medical staff, Officer Beil made Perales use his walker rather than allowing him to sit in his wheelchair to watch TV because medical had cleared him to use the wheelchair only for long distances and during mealtime.  Third, on November 12, 2021, Officer Ninkovic ordered Perales to return his wheelchair to the conference room because he was not permitted to have it in his cell.  When Perales did not comply with repeated orders to return the wheelchair (another inmate eventually returned the wheelchair for Perales), Officer Ninkovic confined him to his room for 23 hours.  Finally, on November 13, 2021, Sgt. Craig, at the direction of a nurse, required Perales to use his walker rather than his wheelchair to get his medication.  Perales alleges that he instead tried to crawl to the medication cart.  According to the incident report Perales attaches in support of his complaint, Perales crawled to a chair in the dayroom and then waited for the nurse to bring his medication to him.  Perales received a major conduct report for refusing orders to stop crawling and to use his walker and for disruptive conduct.  Dkt. No. 1 at 4-5; Dkt. No. 1-1 at 7-11.

Perales asserts that Sheriff Pinkell "is liable as a supervisor because his staff was not properly trained, and or he turned a blind eye away from my situation."  Perales also alleges that he and his mother contacted Superintendent/Administrator Delaney multiple times, but he did not "remedy the unlawful conditions."  Finally, he alleges that jail supervisors failed to stop officers under their supervision from taking his wheelchair.  Dkt. No. 1 at 5-8.

### THE COURT'S ANALYSIS

It appears that Perales was a pretrial detainee at the time he was confined at the Walworth County Jail, so claims related to his medical care arise under the Fourteenth Amendment.  Under *Miranda v. County of Lake*, such claims are subject only to the objective unreasonableness

4

standard. 900 F.3d 335, 352 (7th Cir. 2018). Thus, to state a claim, the Court must be able to reasonably infer from Perales' allegations that Defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case" and that the challenged conduct was objectively unreasonable. *McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018) (citations omitted). With the foregoing standard in mind, Perales may proceed on a Fourteenth Amendment claim against Welsh based on allegations that, despite medical staff clearing him to use a wheelchair during meals, Welsh forced him to use his walker to get his food tray, allegedly resulting in Perales falling and injuring himself.

Perales does not, however, state claims against the remaining individuals he sues. First, with regard to "all medical staff," the mere fact that his requests for a wheelchair, a second mattress, physical therapy, and access to his medical records were denied does not suggest that medical staff's decisions were objectively unreasonable. Perales was not entitled to his preferred treatment, only to adequate care. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). The complaint contains no allegations suggesting that any particular member of the medical staff made an objectively unreasonable decision with respect to requiring Perales to use a walker for shorter distances and to limit his use of a wheelchair to longer distances and meals. In fact, the medical records reflect that, on the same day he was injured, Perales was able to walk in the emergency room without complication and that diagnostic testing revealed no injuries. While records indicate Perales' upper right leg was tender to the touch, this on its own does not suggest that he required unlimited use of a wheelchair.

In any event, Perales' suggestion that "all medical staff" are liable is too vague to state a claim. A defendant is liable for damages under §1983 only if he was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at the defendant's

5

behest or with his knowledge and consent. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). Perales includes no allegations of specific interactions he had with medical staff, including who he interacted with, when he interacted with a particular person, what he said to a particular person, or how that person responded. Because there is no vicarious liability under §1983, lumping all medical staff together is insufficient to state a claim against individual medical providers.

Nor does Perales state a claim against Beil, Minkovic, or Craig, who according to Perales, consulted with or acted at the direction of medical staff when they instructed him to use his walker instead of a wheelchair. Officers do not provide medical care to inmates, and so absent obvious reasons to depart from a medical provider's decision, it is not unreasonable for an officer to defer to a medical provider's treatment plan. *See, e.g., Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (explaining that non-medical officials are entitled to "rely on the expertise of medical personnel" and "will generally be justified in believing that the prisoner is in capable hands"). As noted, Perales has included no allegations supporting his conclusion that it was unreasonable for medical providers to limit his use of a wheelchair to long distances and meals. Similarly, he includes no allegations supporting his conclusion that it was unreasonable for officers to defer to the medical providers' decision.

Perales also does not state a claim against the jail supervisory staff, including Sheriff Pinkell and Superintendent Delaney. Perales asserts that they turned a blind eye to the misconduct of their staff, but, again, the complaint does not contain sufficient factual matter for the Court to reasonably infer that medical staff acted unreasonably when they denied his request for a wheelchair and other accommodations or that officers acted unreasonably when they deferred to the medical staff's decisions. It is clear that Perales *preferred* to use a wheelchair rather than a

walker, but his preference alone is insufficient to suggest that denials of his demands were unreasonable.

Nor does Perales state a claim in connection with the alleged denial of access to his medical records. Perales does not have a constitutional right to demand that jail staff allow him to see whatever records he desires whenever he demands to see them. It may be that the jail did not have possession of Perales' medical records from outside providers or that Perales did not comply with jail policy when he requested to review his medical records. In any event, medical staff's failure to comply with jail policies allowing inmates to view their own records does not support a constitutional claim. *See, e.g., Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (holding that §1983 "protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices").

Finally, Perales does not state a claim against the Walworth County Sheriff's Department. While the Supreme Court has held that there are some circumstances in which municipalities or local government units can be sued under §1983, a county sheriff's department "is not a legal entity separable from the county government which it serves," and is therefore not subject to suit under §1983. *See Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004).

**IT IS THEREFORE ORDERED** that Perales' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Perales fails to state a claim against any individual other than CO Welsh, so the clerk's office is directed to terminate all individuals other than CO Welsh from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon CO Welsh pursuant to Federal Rule of Civil Procedure 4. Perales

7

Case 2:24-cv-00644-BHL   Filed 07/19/24   Page 7 of 9   Document 7

is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Walsh shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Perales is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on July 19, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

9

Case 2:24-cv-00644-BHL   Filed 07/19/24   Page 9 of 9   Document 7