UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TONY PERALES,

                Plaintiff,

v.                                               Case No. 24-cv-0644-bhl

DOUGLAS WELCH,

                Defendant.

---

## DECISION AND ORDER

---

Plaintiff Tony Perales, who is incarcerated at the Stanley Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On October 11, 2024, Defendants filed a motion for partial summary judgment on the ground that Perales failed to exhaust the available administrative remedies in connection with his claim that Defendant acted unreasonably when he forced Perales to carry his food tray while using his walker. Dkt. No. 16. For the reasons explained below, the Court will grant Defendant's motion and dismiss this case without prejudice.

## PRELIMINARY MATTERS

Pursuant to the local rules, along with a motion for summary judgment, the moving party is required to file either a statement of material facts to which the parties have stipulated or a statement of proposed material facts as to which the moving party contends there is no material issue and that entitle it to judgment as a matter of law. Civil L. R. 56(b)(1). Defendant submitted proposed findings of fact in support of his summary judgment motion in compliance with the local rules. *See* Dkt. No. 18.

The local rules require a party opposing a summary judgment motion to file a response to the moving party's proposed facts to make clear to the Court which, if any, of the proposed facts are in dispute. The opposing party must respond to each paragraph. Civil L. R. 56(b)(2)(B). Any uncontroverted fact is deemed admitted for the purpose of deciding summary judgment. Civil L. R. 56(b)(4).

Defendant, as required by the local rules, included Fed. R. Civ. P. 56, Civil L. R. 7, and Civil L. R. 56 along with his motion for summary judgment. *See* Dkt. No. 16. Moreover, the Court entered a notice and order informing Perales that he was required "to respond to *each* proposed fact." The Court also clarified that "Perales does not satisfy his obligations by simply filing a declaration with his version of the facts." The Court warned Perales that if he "does not respond to a proposed fact, the Court will assume that Perales does not dispute the proposed fact and will accept the proposed fact as true, regardless of contrary statements in a declaration." Dkt. No. 20 at 2.

On October 29, 2024, Perales filed a legal brief, a declaration, and a statement of disputed facts in response to Defendant's summary judgment motion, but he did not respond to Defendant's proposed facts. Accordingly, as Perales was warned, Defendant's proposed facts are deemed admitted for the purpose of deciding summary judgment. *See Phoneprasith v. Greff*, Case No. 21-3069, 2022 WL 1819043 (7th Cir. June 3, 2022) (holding that a district court is entitled to deem unopposed facts admitted under Civil L. R. 56(b)(4) regardless of a non-movant's detailed opposition brief, affidavit, and exhibits); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (same).

With these considerations in mind, the Court turns to the substance of Defendant's summary judgment motion.

**FACTUAL BACKGROUND**

At the relevant time, Perales was a pretrial detainee at the Walworth County Jail. The jail provides all inmates with a copy of the Inmate Rules and Handbook, which is accessible at any time on electronic tablet devices. Perales acknowledged receipt of the handbook, which contains a section on the process for handling inmate issues, including the grievance procedure. The section states:

> The housing officer will address all issues and may determine whether an inmate's questions and/or concerns can be addressed at the housing level, or whether use of the chain of command is required. If the housing officer is unable to resolve the issue, the inmate will be directed to the tablet to submit the appropriate request, complaint or appeal. Inmates may individually write the Jail Administration regarding complaints.

The grievance procedure is also referenced in the section on tablets, which explains that internal requests/grievances can be submitted on the tablets that are available in each housing unit. Defendant explains that the tablet system allows inmates to review the responses to their grievances and to submit appeals. Dkt. No. 18 at ¶¶2, 10-14.

On October 7, 2021, medical staff emailed jail correctional officers to inform them that Perales "should be using the walker at all times in the Pod except when he is getting his tray. Whenever he leaves the pod he can use the wheelchair." Defendant interpreted the email to mean that Perales could never use a wheelchair while in his pod, *i.e.*, his housing unit. That same day, Perales tried to use a wheelchair when returning his food tray but because meals are served in the housing units, Defendant told him he could not use a wheelchair and must use his walker. Perales fell when he tried to return his food tray while using his walker. Dkt. No. 18 at ¶¶21-24.

According to jail records, Perales filed many grievances, but he did not file a grievance about the October 7, 2021 incident. Perales points out that on October 29, 2021, he filed a grievance that references being forced to carry food while using a walker. But Defendant

3

highlights that this grievance focused on the medical team allegedly retaliating against him and neglecting his pain, not on Defendant's alleged misconduct. Dkt. No. 18 at ¶¶29, 35-38; Dkt. No. 22-1 at 1-2.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Perales was a prisoner when he filed his complaint, provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some

orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must pursue their complaints through "all levels of the relevant administrative-review system." *Chambers v. Sood*, 956 F.3d 979, 981 (7th Cir. 2020).

That said, a prisoner is not required to exhaust the administrative remedies if those remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Available remedies "may include both written policies and informal procedures" that inmates know about and the jail uses and accepts. *Crouch v. Brown*, 27 F.4th 1315, 1321–22 (7th Cir. 2022); *see Lanaghan v. Koch*, 902 F.3d 683, 689 (7th Cir. 2018). "When an administrative process is susceptible of multiple reasonable interpretations, . . . the inmate should err on the side of exhaustion." *Ross v. Blake*, 578 U.S. 632, 644 (2016).

Finally, the Seventh Circuit has explained that the "primary purpose of the exhaustion doctrine [is to] alert[] the prison officials to the existence of the problem and afford[] an opportunity to repair the injury." *Lockett v. Bonson*, 937 F.3d 1016, 1027 (7th Cir. 2019). An inmate need only "provide[] notice to the prison of the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citations omitted). "As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

Defendant asserts that Perales failed to exhaust the available administrative remedies because he did not file a grievance about Defendant's alleged misconduct. Perales first argues that he should be excused from the exhaustion requirement because the administrative remedies were unavailable. Perales asserts that the handbook's description of the grievance process is so unclear

that he did not know what it demanded. Perales' argument is without merit. While the process described in the handbook is not overly detailed, the Supreme Court has explained that the "procedures need not be sufficiently 'plain' as to preclude any reasonable mistake or debate with respect to their meaning." *Ross*, 578 U.S. at 644. The handbook states that an inmate must first discuss his issue with the housing officer, and if the officer is unable to resolve the issue, then the inmate will be directed to the tablet to file a request, grievance, or appeal. This is a simple, straightforward procedure that Perales apparently took advantage of many times while at the jail. The Court therefore concludes that, because any "ordinary prisoner can make sense of what it demands," the remedy was available to Perales. *Id.*

Perales next argues that he complied with the procedure when he filed a grievance that referenced being forced to carry a food tray while using his walker. But a review of the grievance confirms that this reference was insufficient to put the jail on notice of Defendant's alleged wrongdoing. In the summary of the grievance, Perales wrote, "WCJ Medical team is retaliated on me and neglecting my pain because of my open case and th[eir] personal relationship with officer." Dkt. No. 22-1 at 1. And in the description of his complaint, Perales refers only to the "WCJ medical team," complaining that the team had declined to follow the orders of outside doctors, had neglected his pain, and had forced him to use his walker when he cannot walk. *Id.* Perales references the incident at issue in this case as an example of the *medical team's* alleged wrongdoing. Perales does not state that any officer (named or unnamed) was at fault, nor does he provide any details about the incident such as when it occurred. Accordingly, the Court concludes that Perales' offhand reference was insufficient to alert jail officials to Defendant's involvement and therefore did not afford them an opportunity to repair the injury. In short, because the grievance did not give jail officials notice of the wrongdoing alleged in this case, Perales did not

6

satisfy the exhaustion requirement. Defendant is therefore entitled to summary judgment and this action must be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment for failure to exhaust the administrative remedies (Dkt. No. 16) is **GRANTED** and this action is **DISMISSED without prejudice**. The clerk of court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Perales' motion for summary judgment (Dkt. No. 26) and Defendant's motion to stay briefing on Perales' motion (Dkt. No. 28) are **DENIED as moot**.

Dated at Milwaukee, Wisconsin on December 23, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.